IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ameris Bank, Through its Division Balboa Capital Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Global Impex, LLC and Furkat Matosimov,<br><br>Defendants. | Case No.: 4:24-cv-05733-JD<br><br><br><br>**ORDER** |

Before the Court is Ameris Bank, through its division Balboa Capital Corporation's ("Ameris" or "Plaintiff") Motion for Default Judgment against Defendants Global Impex, LLC ("Global Impex"), and Furkat Matosimov ("Matosimov") (collectively "Defendants"). (DE 10.) For the reasons below, the motion is granted.

## I.     BACKGROUND

### A.     Factual Background

Ameris sued Defendants to recover amounts allegedly due under an Equipment Financing Agreement ("EFA") and a related Personal Guaranty. According to the Complaint, Global Impex executed the EFA on February 17, 2023, to finance the purchase of two commercial vehicles: a 2018 International 4000 Truck, VIN 1HTMMMML4JH546081, and a 2018 International 4000 Truck, VIN 1HTMMMML4JH546145 ("Trucks"). (DE 1.)

1

Under the EFA, Global Impex agreed to make 48 monthly payments of $3,911.00, beginning April 30, 2023. (DE 1.) Defendant Matosimov personally guaranteed the obligations of Global Impex under the EFA. (DE 1.) Defendants defaulted by failing to make the required payments on or after June 30, 2024, and Ameris accelerated the outstanding balance, demanding payment in full. (DE 1.)

Despite Ameris's demand, Defendants failed to satisfy the debt, and the Trucks remain in their possession. (DE 1.) As of February 18, 2025, Ameris seeks to recover $141,558.23 in liquidated damages, comprising of past-due monthly payments, late fees, non-sufficient funds (NSF), and non-autopay charges, and the discounted present value of future installments. (DE 10.) Ameris also seeks immediate possession of the Trucks pursuant to S.C. Code Ann. § 15-69-10 et seq., as well as attorneys' fees and litigation costs in the amount of $7,554.37. (DE 10.)

**B.     Procedural Background**

Ameris filed the Complaint on October 9, 2024, asserting three causes of action: (1) breach of contract against both Global Impex, LLC, and Furkat Matosimov based on their obligations under the EFA and a Personal Guaranty; (2) claim and delivery under South Carolina law seeking immediate possession of the two financed trucks; and (3) recovery of attorneys' fees and litigation costs under the contractual provisions of the EFA. (DE 1.)

On November 1, 2024, the Summons and Complaint were served on Global Impex by delivering copies to Matosimov's wife at his usual place of abode, who also

2

serves as the company's registered agent. (DE 5.) Matosimov was served individually in the same manner. (DE 6.)

Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendants had to respond to the Complaint by November 21, 2024. Defendants failed to respond or otherwise appear. On January 13, 2025, Ameris filed a Request for Entry of Default. (DE 7.) The Clerk of Court entered default against both Defendants on January 15, 2025. (DE 9.)

On March 7, 2025, Ameris filed its Motion for Default Judgment under Rule 55(b)(2), requesting entry of final judgment on all three counts of the Complaint. (DE 10.) The motion is supported by the Declaration of James J. Grant and the Affidavit of Wheeler H. Bryant. (DE 10-1; DE 10-2.) Ameris seeks monetary damages of $141,558.23, possession of the collateral vehicles, and recovery of $7,554.37 in attorneys' fees and litigation costs. (DE 10.)

## II.     LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that a party must apply to the Court for a default judgment when the claim is not for a sum certain. Rule 55(b)(2) Fed. R. Civ. P. The court may hold a hearing if it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. *Id.* A default judgment may be entered only after the entry of default. *See* Rule 55(a), Fed. R. Civ. P. By an entry of default, the defendant is deemed to have "admit[ted] the plaintiff's well pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 779, 780 (4th Cir. 2001)

(quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, on a motion for default judgment, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 737 (E.D. Va. 2014) (quoting *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished opinion). "There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006). The Court may test this sufficiency by the Rule 12(b)(6) standard. *See Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

### III.  DISCUSSION

The Court finds that Plaintiff Ameris Bank is entitled to a default judgment against Defendants Global Impex, LLC, and Furkat Matosimov under Rule 55(b) of the Federal Rules of Civil Procedure. The record reflects that Defendants were properly served with the Summons and Complaint on November 1, 2024, and failed to plead or otherwise defend within the time provided under Rule 12(a)(1)(A)(i). (DE 5; DE 6.) Upon motion by Ameris, the Clerk of Court entered default against both Defendants on January 15, 2025. (DE 9.)

Once default is entered, the Court must treat the well-pleaded factual allegations of the complaint as admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 779, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact, is concluded on those facts by the judgment,

and is barred from contesting on appeal the facts thus established.") (quotation omitted); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Court may enter a default judgment only if the pleadings support the relief requested. *See DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006); *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 737 (E.D. Va. 2014). The Court may assess this sufficiency under the Rule 12(b)(6) standard. *Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

### A. Breach of Contract (Count I)

Ameris asserts a claim for breach of contract based on Defendants' failure to perform under the EFA and the Personal Guaranty. Under South Carolina law, the elements of a breach of contract claim are: (1) the existence of the contract, (2) its breach; and (3) damages proximately caused by the breach. *See Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009). The well-pleaded allegations, now treated admitted as, establish that Global Impex entered into the EFA on February 17, 2023, to finance two commercial trucks and agreed to make 48 monthly payments beginning April 30, 2023. (DE 1 ¶¶ 10–12.)

Matosimov executed a personal guaranty securing Global Impex's performance under the agreement. (*Id.* ¶ 16.) "A guaranty of payment is an absolute or unconditional promise to pay a particular debt if it is not paid by the debtor at maturity." *AMA Mgmt. Corp. v. Strasburger,* 309 S.C. 213, 219 (Ct. App. 1992). "It is a personal obligation running directly from the guarantor to the creditor which is

immediately enforceable against the guarantor upon default of the debtor." *Id.; see Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Ret. Grp., Inc.,* 300 S.C. 277, 280 (1989); *Nandwani v. Queens Inn Motel,* No. 2012-IP-385, 2012 WL 10844387, at *7 (S.C. Ct. App. June 20, 2012). Both Defendants defaulted by failing to make payments due on or after June 30, 2024, triggering Ameris's right to accelerate the debt and demand the present value of all future payments. (DE 1 ¶¶ 19–21, 25, 29–30, 35–37.)

The allegations also show that Ameris has performed under the agreements and suffered damages of $141,558.23 as of February 18, 2025. (DE 10 at 26.) The Court finds that the pleadings support a cause of action for breach of contract under applicable law. Accordingly, default judgment is warranted on Count I.

**B. Claim and Delivery (Count II)**

Ameris also seeks to recover possession of the two financed vehicles under South Carolina's claim and delivery statutes. *See* S.C. Code Ann. § 15-69-10 et seq. "An action in claim and delivery is an action at law for the recovery of specific personal property." *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 414 S.C. 635, 658, 780 S.E.2d 263, 275 (Ct. App. 2015). To proceed with such an action, the plaintiff must submit an affidavit demonstrating the following statutory elements:

1. The plaintiff owns or is entitled to possession of the property, with a specific description and factual basis for the claim;

2. The property is wrongfully detained by the defendant;

3. The cause of the detention, based on the affiant's knowledge, information, and belief;

4. That the property is not subject to seizure for taxes, assessments, or fines, or is exempt from such seizure;

6

      5.  The actual value of the property.

*See Hotel & Motel Holdings*, 414 S.C. at 658, 780 S.E.2d at 276 (citing S.C. Code Ann. § 15-69-30).

Here, Ameris has satisfied each statutory requirement through the well-pleaded allegations in its Complaint and the sworn affidavit of James J. Grant submitted with its motion. The record shows that Ameris holds a perfected first-priority security interest in two 2018 International 4000 Trucks, VIN 1HTMMMML4JH546081 and VIN 1HTMMMML4JH546145, granted under the Equipment Financing Agreement. (DE 1 ¶¶ 12–14; DE 10-1 ¶¶ 12–13.) Ameris alleges that the Trucks are wrongfully detained by Defendants following their default, that the detention is based on Defendants' failure to satisfy the debt obligations, and that the Trucks are not subject to seizure for tax or other statutory liens. (*Id.* ¶¶ 40–45; DE 10-1 ¶¶ 14–15.) The affidavit also identifies the actual value of the Trucks, which Ameris attests is $18,250.00 each. (DE 1-4 ¶ 19.)

Ameris also complied with the procedural requirements under South Carolina law. Specifically, Ameris served Defendants with a Notice of Right to Pre-Seizure Hearing pursuant to S.C. Code Ann. § 15-69-40. (DE 1-5.) Defendants failed to demand such a hearing and did not file any responsive pleading to contest Ameris's right to possession. (DE 9.)

Based on these facts, the Court finds that Ameris has established its entitlement to the remedy of claim and delivery under S.C. Code Ann. § 15-69-10 et seq. Accordingly, Ameris is entitled to immediate possession of the Trucks, and the Court will enter an order directing such relief.

### C. Attorneys' Fees and Costs (Count III)

Ameris also seeks recovery of attorneys' fees and litigation expenses under the express terms of the EFA. (DE 1 ¶¶ 46–47; DE 10 at 20–21.) The EFA provides that, in the event of default, Ameris is entitled to recover all reasonable costs and expenses incurred in enforcing the agreement, including attorneys' fees. (DE 1-1 §§ 19, 20.)

Under South Carolina law, "[t]he authority to award attorney's fees can come only from a statute or from the agreement of the parties." *Shirey v. Bishop*, 431 S.C. 412, 436, 848 S.E.2d 325, 338 (Ct. App. 2020). In a diversity case, where state law governs the right to fees under a contract, courts apply the relevant state standards unless they conflict with federal law. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 259 n.31 (1975) ("[S]tate law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.").

In South Carolina, an award of attorneys' fees must be reasonable and supported by adequate factual findings. *Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. 339, 357–58, 594 S.E.2d 888, 898 (Ct. App. 2004). To assess reasonableness, courts consider these six factors:

1. The nature, extent, and difficulty of the case;
2. The time necessarily devoted to the case;
3. The professional standing of counsel;
4. The contingency of compensation;
5. The beneficial results obtained, and
6. The customary legal fees for similar services.

8

*Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. at 358, 594 S.E.2d at 898.

Here, Ameris submitted a detailed affidavit from counsel, Wheeler H. Bryant, outlining the legal services rendered. The affidavit establishes that counsel spent 27.9 hours prosecuting this action between September 5, 2024, and February 19, 2025, at hourly rates of $250 (2024) and $260 (2025), totaling $6,853.50. Ameris also seeks reimbursement for litigation costs of $700.87, resulting in a total requested award of $7,554.37. (DE 10-2 ¶¶ 6, 11–13; DE 10-2 at 5–6.) Applying the *Burton* factors, the Court finds:

1. Nature, extent, and difficulty of the case: The matter required interpretation and enforcement of a commercial equipment financing agreement and supporting guaranty, including repossession remedies under South Carolina law. The litigation, while not novel, involved commercially significant and time-sensitive issues of contract enforcement and security interest recovery, warranting professional skill and experience. (DE 10 at 18–20.)

2. Time necessarily devoted to the case: Counsel's billing records reflect efficient and focused litigation activity, including preparation of the complaint, service coordination, default procedures, motion drafting, and preparation of evidentiary affidavits. The hours reported are reasonable and not duplicative. (DE 10-2 ¶¶ 6, 14.)

3. Professional standing of counsel: Mr. Bryant is an experienced litigator, admitted in South Carolina and other jurisdictions, with over a decade of relevant practice in commercial and secured transactions. (*Id.* ¶¶ 2–3.)

4. Contingency of compensation: The representation was not undertaken on a contingency basis, but the reasonableness of the rates and fees are evaluated independently of that fact. (*Id.* ¶ 7.)

5. Beneficial results obtained: Ameris obtained favorable relief on all three claims in the action, including substantial monetary recovery and entitlement to immediate possession of collateral. The fees incurred were directly related to securing these outcomes. (DE 10 at 2–3, 26–27.)

6. Customary legal fees for similar services: The hourly rates charged by Mr. Bryant ($250–260) are below or within the prevailing range for commercial litigation of this kind in the District of South Carolina and are reasonable given the complexity, experience level, and results obtained. (DE 10-2 ¶¶ 17–18.)

Accordingly, based on the above findings and the evidence submitted, the Court concludes that the requested attorneys' fees and costs are reasonable and recoverable under the EFA. Ameris is awarded $7,554.37 in fees and costs under Count III.

### D.    Hearing Determination

Defendants have not appeared or otherwise contested the entry of default judgment. The Court finds that a hearing is unnecessary under Rule 55(b)(2) of the Federal Rules of Civil Procedure, as the damages sought by Ameris constitute a sum certain or a sum that can be made certain by computation. *See Smith v. Devine*, 126 F.4th 331, 346 (4th Cir. 2025); Fed. R. Civ. P. 55(b)(1).

Based on the well-pleaded allegations, now considered admitted, and the evidentiary materials submitted in support of its motion, the Court concludes that Ameris has established Defendants' liability for breach of contract under the EFA and Personal Guaranty, entitlement to possession of the financed vehicles under South Carolina's claim and delivery statutes, and the right to recover reasonable attorneys' fees and litigation costs under the EFA.

Accordingly, the Court finds that entry of default judgment is appropriate as to all claims asserted in the Complaint.

## IV.    CONCLUSION

For all these reasons, Plaintiff Ameris Bank's Motion for Default Judgment (DE 10) is GRANTED.

IT IS ORDERED that:

1. Judgment is entered for Plaintiff and against Defendants Global Impex, LLC, and Furkat Matosimov, jointly and severally, in the amount of $141,558.23 on Plaintiff's breach of contract claim (Count I).

2. Plaintiff is granted immediate possession of these vehicles under South Carolina Code §§ 15-69-10 et seq. (Count II):

    - 2018 International 4000 Truck, VIN 1HTMMMML4JH546081;
    - 2018 International 4000 Truck, VIN 1HTMMMML4JH546145.
    - Execution shall issue to any sheriff or lawful officer for enforcement, and Defendants shall disclose the current location of the vehicles within seven (7) days of service of this Order.

3. Plaintiff is awarded $7,554.37 in attorneys' fees and litigation costs under the EFA (Count III).

4. Interest shall accrue on the judgment at the rate specified in 28 U.S.C. § 1961 from the date of entry until paid.

5. Under Rule 54(b) of the Federal Rules of Civil Procedure, this judgment is final as to all claims and all parties.

**AND IT IS SO ORDERED.**

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

June 18, 2025
Florence, South Carolina